IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| BRIANNA ANN SUNSHINE, <br> aka WILLIAM ALLEN LARUE, <br>       **Plaintiff,** <br> v. <br> BETSY C. JIVIDEN, *et al.*, <br>       **Defendants.** | Civil Action No. 2:21-00667 |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion to Dismiss (Document No. 69), filed on May 18, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

On December 23, 2021, Plaintiff filed a Complaint seeking relief for alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983 and for deprivations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*. (Document No. 1.) Plaintiff names the following as Defendants: (1) Betsy C. Jividen, Commissioner of the West Virginia Division of Corrections and Rehabilitation; (2) Scott Felton, Correctional Officer at Huttonsville Correctional Center ("HCC"); (3) David Defibaugh, Correctional Hearing Officer at HCC; (4) Shelby O. Searls, Superintendent of HCC; and (5) David Proctor, Doctor at HCC. (Id.) On December 30, 2021, Plaintiff filed her Application to Proceed Without Prepayment of Fees or Costs. (Document No. 6.) On January 3, 2022, Plaintiff filed a "Request for Production to

Documents" and "First Request for Admissions" to Defendant Felton. (Document Nos. 8 and 9.) By Order entered on January 5, 2022, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, directed Plaintiff to pay $299.80 as an initial partial payment of the filing fee, and directed the Clerk to issue process upon receipt of the initial partial payment of the filing fee. (Document No. 11.) On January 5, 2022, Plaintiff filed her "First Set of Interrogatories" to Defendants Felton and Searls. (Document Nos. 12 and 13.) On January 12, 2022, Plaintiff filed her First Request for Production of Documents to Defendant Jividen. (Document No. 15.) On January 18, 2022, Plaintiff filed her "First Set of Interrogatories" to Defendants Jividen and Proctor. (Document Nos. 21 and 22.) On January 20, 2022, Plaintiff filed her "Request for Production of Documents" to Defendant Defibaugh and Searls (Document No. 23) and "First Set of Interrogatories" to Defendant Defibaugh (Document No. 24). On January 31, 2022, Plaintiff paid the initial partial payment of the filing fee. (Document No. 29.) The Clerk issued process upon Defendants on February 2, 2022. (Document No. 30.) On February 7, 2022, Plaintiff filed her "First Request for Admissions" to Defendants Jividen, Proctor, and Searls. (Document Nos. 33 and 34.) On February 10, 2022, Plaintiff filed her "Second Request for Admissions" to Defendant Searls. (Document No. 36.) On February 14, 2022, Defendant Proctor filed his instant Motion to Stay Discovery. (Document No. 38) Also on February 14, 2022, Plaintiff filed her "1st Request for Admission" to Defendant Defibaugh (Document No. 39) and "2nd Request for Admissions" to Defendant Felton (Document No. 40). On February 16, 2022, Defendant Felton filed his Answer to Plaintiff's Complaint. (Document No. 44.) On February 17, 2022, Plaintiff filed her "Third Request for Admissions" to Defendant Felton. (Document No. 45.) On February 18, 2022, Plaintiff filed her "Fourth Request for Admissions" to Defendant Felton. (Document No. 48.)

On February 23, 2022, Defendant Proctor filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 51 and 52.) Specifically, Defendant Proctor argues that Plaintiff's Complaint should be dismissed based on the following: (1) Plaintiff's ADA claim "must be dismissed as a matter of law because Dr. Proctor cannot violate the ADA since he does not fall within the definition of 'public entities'" (Document No. 52, pp. 4 – 6.); (2) Plaintiff's claim based upon the allegation violation of the Prison Rape Elimination Act ("PREA") "must be dismissed as there is no private cause of action for a PREA violation" (Id., pp. 6 – 7.); (3) "Plaintiff cannot assert a West Virginia Human Rights Act claim against Dr. Proctor because prisons are not places of public accommodation under the West Virginia Human Rights Act" (Id., pp. 7 – 9.); (4) "Plaintiff's First, Fourth, and Fifth Amendment claims must be dismissed because Plaintiff has no constitutional right under these Amendments to receive the medical treatments Plaintiff seeks in the Complaint" (Id., p. 9.); (5) "Plaintiff has failed to state a claim for an Eighth Amendment violation" (Id., pp. 9 – 12.); (6) "Plaintiff has also failed to state a claim for a Fourteenth Amendment violation" (Id., pp. 12 – 14.); (7) "Plaintiff claim for violating 'international law' must be dismissed as it does not satisfy the pleading standard set forth in *Twombly*" (Id., pp. 14 – 15.).

Also, on February 23, 2022, Defendants Jividen, Defibaugh, and Searls filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 54 and 55.) Specifically, Defendants Jividen, Defibaugh, and Searls argue that Plaintiff's Complaint should be dismissed based on the following: (1) Plaintiff cannot maintain a claim under the ADA because "gender dysphoria, also known as transsexualism or gender identity disorder, is specifically excluded from the definition of disability" (Document No. 55, pp. 6 – 7.); (2) "Defendant Jividen is entitled to dismissal because Plaintiff has previously entered into a binding settlement agreement forever releasing

Jividen from any and all claims related to her gender dysphoria and requests for gender-confirming surgery" (Id., pp. 7 – 8.); (3) Plaintiff has failed to exhaust her administrative remedies concerning her claims for gender-confirming surgeries and related to her request for injunctive relief to change her gender identity on WVDCR records (Id., pp. 8 – 11.); (4) Plaintiff's claim that Defendant Defibaugh violated her due process rights should be dismissed because Plaintiff received notice of her hearing, an opportunity for an appeal to the Superintendent, and an opportunity to appeal to the Commissioner (Id., pp. 11 – 14.); (5) "To the extent Plaintiff attempts to assert claims against these Defendants for violations of the First, Fourth, Eighth, or Fourteenth Amendment or PREA, the West Virginia Human Rights Act, or International Law, Plaintiff has failed to state a claim upon which relief may be granted" (Id., pp. 14 – 15.); (6) Defendants Jividen and Searls are entitled to sovereign immunity under the Eleventh Amendment for Plaintiff's claim for compensatory damages (Id., pp. 15 – 16.); and (7) "Plaintiff's miscellaneous claims for relief fails as a matter of law and must be dismissed" (Id., pp. 16 – 20.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on February 24, 2022, advising her of the right to file a response to Defendants' Motions to Dismiss. (Document No. 56.) By Order also entered on February 24, 2022, the undersigned granted Defendant Proctor's "Motion to Stay Discovery During Pendency of the Motion to Dismiss" (Document No. 38). (Document No. 57.) On March 3, 2022, the undersigned granted Plaintiff's Motion for Extension of Time concerning the filing of her Response to Defendants' Motions to Dismiss and directed any response be filed by April 25, 2022. (Document Nos. 62 and 63.) On April 29, 2022, Defendant Proctor filed a "Motion to Designate his Motion to Dismiss as Unopposed and to Dismiss the Complaint for Failure to Prosecute."

(Document No. 65.) After noting Plaintiff's lack of activity, the undersigned issued an Order on April 29, 2022, directing Plaintiff to "show cause in writing on or before May 16, 2022, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 66.) On May 2, 2022, Defendants Jividen, Defibaugh, and Searls filed a "Motion to Designate Motion to Dismiss as Unopposed and to Dismiss the Complaint for Failure to Prosecute." (Document No. 67.) On May 18, 2022, Plaintiff filed her Response to the Court's Order dated April 29, 2022 and Motion for Extension of Time. (Document No. 68.)

Also on May 18, 2022, Plaintiff filed a "Motion to Dismiss" concerning Defendant Proctor. (Document No. 69.) Specifically, Plaintiff indicates that she wishes to dismiss Defendant Proctor without prejudice. (Id.) In support, Plaintiff explains as follows: (1) Defendant Proctor "stated in a sworn affidavit that as soon as the Plaintiff Ms. Sunshine meets the one year criteria set forth by the WPATH standards of care, that at that time, it will be medically necessary to provide her with her gender reassignment surgery;" (2) Plaintiff "will become eligible come October 1, 2022;" (3) Defendant Proctor "has no option but to follow through with what he said in the attached affidavit;" and (4) Dismissal without prejudice will allow Plaintiff to file a civil action in the courts against Defendant Proctor if he fails act in accordance with statements made in his Affidavit. (Id.) As an Exhibit, Plaintiff attaches a copy of Defendant Proctor's Affidavit as filed with the Supreme Court of Appeal of West Virginia in Case No. 21-0977. (Document No. 69-1.)

On May 20, 2022, Defendant Proctor filed his "Response to Plaintiff's Motion to Dismiss." (Document No. 71.) First, Defendant Proctor notes that "Plaintiff is severely mistaken in interpreting Dr. Proctor's affidavit as sworn testimony that Plaintiff is entitled to receive gender reassignment surgery on October 1, 2022." (Id.) Defendant Proctor, however, notes that

"Plaintiff's mistaken belief, which serves as the grounds for Plaintiff's Motion to Dismiss Dr. Proctor, is not relevant for purposes of effectuating a voluntary dismissal of Dr. Proctor from this action." (Id.) Defendant Proctor asserts that Plaintiff "currently has an unconditional right to voluntary dismissal of Dr. Proctor under Rule 41" because Defendant Proctor "has filed neither an Answer nor Motion for Summary Judgment." (Id.) Thus, Defendant Proctor argues that "Plaintiff's Motion to Dismiss should arguably be treated as the notice to the Court required under Rule 41(a)(1) of the Federal Rules of Civil Procedure and a dismissal order should be entered by the Court recognizing that Plaintiff has voluntarily dismissed Dr. Proctor from this action." (Id.) Plaintiff failed to file a Reply to Defendant Proctor's "Response to Plaintiff's Motion to Dismiss."

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033,

1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant Proctor has neither filed an Answer to Plaintiff's Complaint nor a Motion for Summary Judgment. At this point in the proceedings, Defendant Proctor has only filed a Motion to Dismiss. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice as to Defendant Proctor. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss (Document No. 69), **DENY as moot** Defendant Proctor's Motion to Dismiss (Document No. 51) and "Motion to Designate his Motion to Dismiss as Unopposed and to Dismiss the Complaint for Failure to Prosecute" (Document No. 65), and **REFER** the matter back to the undersigned for further proceedings concerning Plaintiff's claims against Defendants Jividen, Defibaugh, Searls, and Felton.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: June 6, 2022.

Omar J. Aboulhosn
United States Magistrate Judge